UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LUIS A. DEL MAZO, JR.,           )
                                 )
          Plaintiff              )
                                 )     No. 3:16-0218
v.                               )     Judge Trauger/Brown
                                 )     **Jury Demand**
MT. JULIET POLICE DEPARTMENT,    )
*et al.*,                        )
                                 )
          Defendants             )

TO:  **THE HONORABLE ALETA A. TRAUGER**

**REPORT AND RECOMMENDATION**

On February 12, 2016, the Plaintiff, Mr. Del Mazo, Jr., filed a civil action against a number of Defendants. (Docket Entry 1)

The matter has been referred to me to enter a scheduling order or to dispose or recommend disposition of any pretrial motions (Docket Entry 3). Service of process against the Defendants are issued, but the Plaintiff has not yet returned proof that such service has been accomplished.[1]

The Plaintiff has now filed a notice of removal (Docket Entry 5) of a criminal case pending against him in Wilson County alleging misdemeanor traffic citations. The Plaintiff cites as grounds for removal 28 U.S.C. §§ 1441 and 1446.

For the reasons stated below, the Magistrate Judge believes that the notice of removal is improper and under 28 U.S.C.

---

[1]The Magistrate Judge notes that the summonses are somewhat incomplete because on the summons form itself the Plaintiff has failed to provide his address. No Defendant has yet answered their summons.

§ 1455, the notice of removal must be **DENIED**, and the criminal prosecution should be remanded to state court.

## BACKGROUND

The Plaintiff filed his complaint as a resident and citizen of the Republic of Tennessee. He alleges jurisdiction under 42 U.S.C. §§ 1983, 1985 and 1986, and Title 18, §§ 2076, 242 and 241. He also alleges that he brings the suit under the jurisdiction of 28 U.S.C. §§ 1441, 2201, 2202 and 1332(a), 1343(3), and the First, Fifth, Eighth, and Fourteenth Amendments of the Federal Constitution.

By way of background, the Plaintiff alleges that on March 15, 2014, he was pulled over by a law enforcement officer in Mt. Juliet for an alleged muffler violation and he was arrested without an arrest warrant. After the initial arrest, an arrest warrant was subsequently issued and bond was set at $3,500. The parties had a general sessions case in Wilson County set for May 18, 2015. The Plaintiff alleges that on March 25, 2015, he filed various pleadings including a motion to dismiss with the Wilson County General Sessions Court, seeking $10,000 in damages. He alleges that the authority failed to respond to his suit and that various of the Defendants failed to grant him relief.

In his complaint, the Plaintiff states that the case was set for a criminal indictment hearing for August 10, 2015, and that no evidence was presented. (Docket Entry 1 ¶ 32, 34) The Plaintiff does not allege whether an indictment was ever returned

or whether there was a final disposition of the criminal charges against him. The Plaintiff has paid the $400 filing fee, and accordingly, his complaint is not subject to an initial review by the Court.

## LEGAL DISCUSSION

When a criminal defendant files a notice of removal of a criminal prosecution, the United States District Court is tasked with promptly examining the notice. 28 U.S.C. § 1455(b)(4). If it is facially apparent that removal is improper, the Court is required to remand the case. *Id.*

The Plaintiff's notice of removal (Docket Entry 5) cites as authority 28 U.S.C. §§ 1441 and 1446. Section 1441 does not appear to authorize removal. Section 1441 applies to civil actions and this is an attempt to remove a criminal action. Section 1446 is likewise limited to the procedure for removal of civil actions.

Although the Plaintiff does not cite 28 U.S.C. § 1443, that section does provide that a limited class of criminal prosecutions commenced in state court may be removed by the defendants to a District Court of the United States. As such, the only basis for removal of the criminal case that could apply to this removal notice appears to be § 1443. This section has been definitively considered by the United States Supreme Court in two cases: *The City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808 (1966) and *The State of Georgia v. Rachel*, 384 U.S. 780 (1966).

In *The City of Greenwood* the defendants sought removal under 28 U.S.C. § 1443 of criminal prosecution brought against them by the State of Mississippi for their allegedly engaging in civil rights activities in Mississippi. 384 U.S. at 810. Various defendants were charged with "assault, interfering with an officer in the performance of his duty, disturbing the peace, creating a disturbance in a public place, inciting a riot, parading without a permit, assault and battery by biting a police officer, contributing to the delinquency of a minor, operating a motor vehicle with improper license tags, reckless driving, and profanity and use of vulgar language," and obstructing the public streets of the City of Greenwood. *Id.* at 813 n.5.

The Supreme Court, after a lengthy analysis of 28 U.S.C. § 1443 held that:

> The fundamental claim in this case, then, is that a case for removal is made under § 1443(1) upon a petition alleging: (1) that the defendants were arrested by state officers and charged with various offenses under state law because they were Negroes or because they were engaged in helping Negroes assert their rights under federal equal civil rights laws, and that they are completely innocent of the charges against them, or (2) that the defendants will be unable to obtain a fair trial in the state court. The basic difference between this case and *Rachel* is thus immediately apparent. In *Rachel*, the defendants relied on the specific provisions of a preemptive federal civil rights law--§§ 201(a) and 203(c) of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a(a) and 2000a-2(c) (1964 ed.), as construed in *Hamm v. City of Rock Hill*, *supra*--that, under the conditions alleged, gave them: (1) the federal statutory right to remain on the property of a restaurant proprietor after being ordered to leave, despite a state law making it a criminal offense not to leave, and (2) the further federal statutory right that no State should even attempt

4

to prosecute them for their conduct. The Civil Rights Act of 1964 as construed in *Hamm* thus specifically and uniquely conferred upon the defendants an absolute right to "violate" the explicit terms of the state criminal trespass law with the impunity under the conditions alleged in the *Rachel* removal petition, and any attempt by the State to make them answer in a court for this conceded "violation" would directly deny their federal right "in the courts of [the] State." The present case differs from *Rachel* in two significant respects. First, no federal law confers an absolute right on private citizens--on civil rights advocates, on Negroes, or on anybody else--to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to bite a policeman. Second, no federal law confers immunity from state prosecution on such charges.

*Id.* at 826 (emphasis added).

The Court in *The State of Georgia v. Rachel* allowed removal where the black defendants were charged in Georgia with criminal trespassing for attempting to eat at a restaurant. Removal was permitted because there was a clear federal statute guaranteeing the defendants the right to equal access to such facilities. 384 U.S. at 804-06.

In this case the Plaintiff is attempting to remove a straightforward state criminal prosecution for traffic offenses. As the Supreme Court noted:

For if the individual petitioners should prevail in their interpretation of § 1443(1), then every criminal case in every court of every State--on any charge from a five dollar misdemeanor to first-degree murder--would be removable to a federal court upon a petition alleging (1) that the defendant was being prosecuted because of his race and that he was completely innocent of the charge

> brought against him, or (2) that he would be unable to
> obtain a fair trial in the state court.

*Greenwood*, 384 U.S. at 832.

In a similar case where the defendants attempted to remove criminal cases from state court the Sixth Circuit denied removal under 28 U.S.C. § 1443, *The State of Tennessee v. Walden*, 406 F.2d 419 (1969). In the *Walden* case the defendants attempted to remove a criminal case which charged them of assault with attempt to commit murder in the first degree, on the grounds that the grand jury which returned the indictment did not represent a proper cross-section of the population of Davidson County in that it excluded black individuals from the grand jury. 406 F.2d at 420. The Sixth Circuit, citing *Greenwood*, affirmed the decision to remand the matter to state court, holding that the defendants could present these claims to the Davidson County Court and could pursue their claims through the Tennessee appellate courts and, if unsuccessful there, seek a writ from the United States Supreme Court. *Id.* at 421-23. The Sixth Circuit stated that the federal judiciary should not assume that state courts will be less anxious than the federal courts to protect federal constitutional rights. *Id.* at 422.

A more recent application is found in the decision of *City of Chandler v. Thompson*, CV-10-0072-PHX-JAT, 2010 WL 2790530

(D. Ariz. July 14, 2010). In *City of Chandler* the plaintiff received a photo-radar traffic ticket and when he failed to appear a default judgment was entered against him. *Id.* at *1. The defendant attempted to remove the case to federal court. *Id.* The District Court ruled that he was not entitled to remove the case under § 1443(1). *Id.* at *2-3. The District Court held that despite Mr. Hamm's contention that the City violated his civil rights and he could not get a fair trial in state court, removal was not proper under the *Greenwood* case. *Id.*

In order to successfully remove under § 1443(1), the removing party must satisfy a two-prong test. *Id.* at *3. "The first prong requires that 'the right allegedly denied [to] the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Johnson v. Miss.*, 421 U.S. 213, 291 (1975)). The district court noted that Congress did not intend § 1443(1) "to allow removal based on laws 'that confer equal rights in the sense, vital to our way of life, of bestowing them upon all,' of which 'the due process clause and 42 U.S.C. § 1983 are sufficient examples.'" *Id.*

The second prong for removal requires the plaintiff to present evidence that he could not fairly adjudicate his claims in state court. *Id.* "This requirement is met only 'in the rare situations where it can be clearly predicted by reason of the operation of a perversive and explicit state or federal law that

those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" *Id.* (quoting *Johnson*, 421 U.S. at 220). The district court also noted that the defendant had not met his burden because he had not presented evidence that the city court could not fairly adjudicate his claims, or even if the city court erroneously dismissed his claims, there was no reason to believe that the state appellate courts could not resolve the issues. *Id.*

The district court went on to note that the *Rooker Feldman* doctrine (*Rooker v. Fidelity Trust Company*, 268 U.S. 413 (1923)) does not allow a litigant to use a Federal District Court to appeal the decision of a state court. *Id.* at *4. The Magistrate Judge will not further consider the *Rooker Feldman* doctrine because it is not apparent from the pleadings whether there has been any resolution in state court of the criminal charges against the plaintiff. However, it would appear that the *Rooker Feldman* doctrine would in all likelihood preclude a review at the district court level of any conviction in that matter.

As applied to the present case, the Plaintiff has not established that either of the § 1443(1) removal prongs is satisfied. First, the Plaintiff has not identified how his misdemeanor traffic citations are related to the denial of a right guaranteed by a federal civil rights statute. Second, the Plaintiff's notice of removal does not supply evidence showing that

the Plaintiff cannot fairly adjudicate these criminal claims in state court.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the criminal case sought to be removed from state court be remanded to state court for such proceedings as are appropriate in state court. This remand does not affect the pending civil case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140(1985).

**ENTER** this 9th day of March, 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge